MCGREGOR SCOTT
United States Attorney
KYLE R. RATLIFF
Special Assistant U.S. Attorney
412 TW/JA
1 South Rosamond Blvd.
Edwards AFB, CA 93524
Phone: (661) 277-4310
Fax: (661) 277-2887

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:17—PO -00092-JLT |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| JONATHAN W. KEEN, | |
| Defendant. | |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGregor Scott, the United States Attorney for the Eastern District of California, and Special Assistant United States Attorney Kyle R. Ratliff, and Defendant Jonathan W. Keen, have agreed as follows:

**I. Agreements by the Defendant.**

A. The Defendant agrees that this Plea Agreement shall be filed with the Court and become a part of the record of the case.

B. The Defendant agrees to enter a plea of guilty to Citation No. 6554112, dated December 16, 2016.

C. The Defendant acknowledges that his plea of guilty is voluntary and that no force,

threats, promises, or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the Defendant to plead guilty.

D. Regarding Citation No. 6554112, Defendant agrees to pay a one hundred dollar ($100.00) fine for a total amount of one hundred dollars ($100.00). Payment will be made payable to the Central Violations Bureau within one (1) month following the date of this Plea Agreement. Should the Defendant not pay the one hundred ($100.00) fine within one (1) month following the date of this Plea Agreement, the Defendant acknowledges that he could be held in contempt of court for failing to pay the fine as ordered by the Court. Defendant may enroll in a Traffic Violator School approved by the California Department of Motor Vehicles. It is further stipulated that the abstract received by the California Department of Motor Vehicles resulting from defendant's failure to appear on April 3, 2018 be recalled by the Court upon the entry of the plea specified herein.

E. Should the Defendant not be a citizen of the United States, the Defendant hereby acknowledges that adverse immigration consequences, including but not limited to removal from the United States, exclusion from admission into the United States, and/or denial of naturalization in the United States, may result from his plea.

F. The Defendant acknowledges that this agreement has no bearing on any potential administrative action that the Defendant's employer seeks to pursue.

## II. Agreements by the Government.

A. With respect to Citation No. 6554112, dated December 16, 2016, the Government agrees to recommend the sentence set forth above.

B. The Government agrees to waive any mandatory appearance requirement for the Defendant upon execution of this agreement.

## III. Nature, Elements, and Possible Defenses.

A. The Defendant has read the charge contained in the aforementioned citation, and the charge has been fully explained to him. Further, the Defendant fully understands the nature and

elements of the crime in the citation to which he is pleading guilty, and has been given an opportunity to discuss the citation with an attorney.

### IV. Factual Basis.

A. The Defendant concedes that he will plead, and is pleading, guilty to the crime set forth in Citation No. 6554112, because he is, in fact, guilty of the offense. The Defendant agrees that the following are the true and correct facts of Citation No. 6554112: that on December 16, 2016, at or near Edwards Air Force Base, in the State and Eastern District of California, and in the special maritime and territorial jurisdiction of the United States, the Defendant, Jonathan W. Keen, was driving northbound on Lancaster Blvd, with a posted speed limit of 55 miles per hour (mph). At that time, the Defendant was travelling 70 mph in a 55 mph zone. Such action caused Officer Anthony Trout to initiate an enforcement stop wherein Defendant was cited for violating section 22349(b) of the California Vehicle Code.

### V. Waiver of Rights.

A. The Defendant understands that by pleading guilty he surrenders certain rights, including the following:

B. If the Defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial by a judge.

C. The judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the Defendant's guilt beyond a reasonable doubt.

D. At a trial, the Government would be required to present its witnesses and other evidence against the Defendant, and prove each element of the charge against the Defendant beyond a reasonable doubt. The Defendant would have the opportunity to confront those Government witnesses. In turn, the Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the Defendant would have the right to assistance of legal counsel. If he could not afford legal counsel, the Court would appoint

an attorney for him at no expense to him.

E. At trial, the Defendant would have the privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify. The Defendant understands that by pleading guilty he is waiving all of the rights set forth above, and acknowledges that he has had an opportunity to consult with his attorney and have the attorney explain to him those rights and the consequences of his waiver of those rights.

## VI. Entire Agreement.

A. This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of any promises apart from those specifically set forth in this Plea Agreement. This written agreement sets forth all of the terms of the agreement and is enforceable only as to the terms set forth herein.

Respectfully Submitted,

MCGREGOR SCOTT
United States Attorney

DATED: 4 Jun 18

KYLE R. RATLIFF
Special Assistant U.S. Attorney

DATED: 6/4/18

JOE W. WHITTINGTON
Attorney

DATED: 06 / 04 / 2018

JONATHAN W. KEEN
Defendant

IT IS SO ORDERED.

Dated: June 5, 2018

JENNIFER L. THURSTON
U.S. MAGISTRATE JUDGE

Page 4 of 4

U.S. v. JONATHAN W. KEEN
Case No. 5:17—PO-00092-JLT